IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

**FILED**

JAN - 9 2008

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

KEVIN J. MERRITT a/k/a EDWARD A. )
URBANSKI, JR., )
)
Plaintiff, )
)
vs. ) No. CIV-06-1427-W
)
RYAN STARK, individually, et al., )
)
Defendants. )

## ORDER

On November 30, 2007, United States Magistrate Judge Robert E. Bacharach issued his findings and recommendations with regard to the Motion to Dismiss [Doc. 232] filed by defendants identified in the fourth amended complaint as Oklahoma County, a political subdivision which is sued in the name of The Board of County Commissioners for Oklahoma County ("Board"), Oklahoma County Sheriff John Whetsel, in his official capacity ("Sheriff Whetsel"), and John Doe Oklahoma County Jail Guards Nos. 1 and 2 ("Guards").[1] The Motion to Dismiss challenged the allegations set forth in that amended pleading filed by plaintiff Kevin J. Merritt a/k/a Edward A. Urbanski, Jr. The parties were advised of their right to object, and the matter now comes before the Court on the defendants' objection to Magistrate Judge Bacharach's Report and Recommendation and Merritt's response thereto.

Dismissal under Rule 12(b)(6), F.R.Civ.P., as the defendants have requested, is appropriate only if, after viewing the factual allegations in this case in the light most

---

[1]The Motion to Dismiss was also filed by Chad Hooper. Merritt did not name Hooper as a defendant in the fourth amended complaint, and thus, the Court finds Hooper's challenges moot.

favorable to Merritt, who is represented by counsel, and accepting all well-pleaded facts in his fourth amended complaint as true, e.g., Erickson v. Pardus, 127 S. Ct. 2197, 2200 (June 4, 2007)(per curiam), the Court finds that Merritt has failed to assert "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (May 21, 2007).  Upon de novo review of the record, including the arguments and authorities raised by the defendants in their objection, the Court concurs with Magistrate Judge Bacharach's suggested disposition of these defendants' Motion to Dismiss as well as with the various other findings and recommendations that Magistrate Judge Bacharach set forth in the Report and Recommendation.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 253] filed on November 30, 2007;

(2) CONSTRUES Merritt's statement that he "has elected to forgo his purely Fifth Amendment claim against the . . . [G]uards," Plaintiff's Response at pp. 6-7, as a request for voluntary dismissal of this claim, GRANTS such request and hereby DISMISSES without prejudice Merritt's fifth amendment claim against the Guards;

(3) deems MOOT those arguments asserted by the defendants not only pertaining to the use of excessive force by the Guards, but also pertaining to the doctrine of respondeat superior as a basis to impose liability on Sheriff Whetsel, individually, since such claims and issues are not raised by Merritt in his fourth amended complaint;

(4) deems MOOT the Motion to Dismiss filed on September 18, 2007, to the extent it was filed by Chad Hooper since Merritt did not name Hooper as a defendant in his fourth amended complaint;

2

(5) GRANTS the defendants' Motion to Dismiss to the extent the Court hereby DISMISSES with prejudice Merritt's claim that the Guards violated his right to be free from unlawful seizure guaranteed by the fourth amendment to the United States Constitution;

(6) DENIES the defendants' Motion to Dismiss to the extent the Court

(a) FINDS at this stage, mindful of the strictures of Rule 11, F.R.Civ.P., that Merritt may pursue his claims against the Board and Sheriff Whetsel, in his official capacity, based upon his belief that his constitutional rights were violated because of an unconstitutional policy or custom;

(b) FINDS that dismissal is not warranted due to Merritt's failure to plead exhaustion, e.g., Jones v. Bock, 127 S. Ct. 910 (January 22, 2007)(plaintiff not required to plead exhaustion; nonexhaustion is affirmative defense); and

(c) FINDS that the Guards are neither entitled to dismissal for failure to state a claim for relief based Merritt's claim grounded in the fourteenth amendment to the United States Constitution that while he was a pretrial detainee, these defendants were deliberately indifferent to his serious medical needs nor entitled to qualified immunity on this same claim; and

(7) RE-REFERS this matter to Magistrate Judge Bacharach for further proceedings.

ENTERED this _9th_ day of January, 2008.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

3