IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

KEVIN J. MERRITT,                         )
a/k/a EDWARD A. URBANSKI, JR.,            )
                                          )
            Plaintiff,                    )
                                          )
v.                                        )     Case No. CIV-06-1427-W
                                          )
RYAN STARK, individually, *et al.*,       )
                                          )
            Defendants.                   )

**REPORT AND RECOMMENDATION ON MOTION FOR
SUMMARY JUDGMENT FOR DR. W.R. HOLCOMB AND
CORRECTIONAL HEALTHCARE MANAGEMENT OF OKLAHOMA, INC.**

For the claims involving Dr. W.R. Holcomb and Correctional Healthcare
Management of Oklahoma, Inc. ("CHMO"), Mr. Merritt alleges an unconstitutional delay
in medical treatment.  Plaintiff's Fourth Amended Complaint at pp. 10-13 (July 12, 2007)
("Fourth Amended Complaint").  Defendants Holcomb and CHMO move for summary
judgment, and the Court should grant the motion.

STANDARD FOR SUMMARY JUDGMENT

Summary judgment is necessary when "the pleadings, the discovery and disclosure
materials on file, and any affidavits show that there is no genuine issue as to any material
fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).
When a summary judgment motion is filed, "[t]he court views the record and draws all
favorable inferences in the light most favorable to the non-moving party."  *Pepsi-Cola*

*Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005) (citation omitted).

## DELAY IN MEDICAL TREATMENT

Mr. Merritt alleges a constitutional violation involving a surgical delay. Fourth Amended Complaint at pp. 10-13. Defendants Holcomb and CHMO are entitled to summary judgment on this claim.

The parties do not dispute the following undisputed facts:

- A physician diagnosed Mr. Merritt with a hydrocele and epididymal cyst of his right testicle;

- a urology specialist recommended surgery; and

- the Plaintiff did not receive surgery until after his transfer to a Department of Corrections facility.[1]

From these facts,[2] the Defendants deny the existence of evidence involving substantial harm from the delay in surgery. Defendants' Motion for Summary Judgment at p. 8. The Defendants are correct.

---

[1]      *See* Motion for Summary Judgment of Defendants Correctional Healthcare Management of Oklahoma, Inc. and W.R. Holcomb at pp. 2-6 (June 17, 2008) ("Defendants' Motion for Summary Judgment"); Plaintiff's Response and Objection to Defendants', Correctional Healthcare Management of Oklahoma, Inc. and W.R. Holcomb, Motion for Summary Judgment and Brief in Support at pp. 1-5 (July 28, 2008) ("Plaintiff's Response").

[2]      The parties disagree over the reasons for the delay, as well as the timing of the first recommendation of surgery. These facts are not material to the proposed disposition.

The Eighth Amendment requires prison officials to "provide humane conditions of confinement" for inmates.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).[3]  As a result, deliberate indifference to a prisoner's serious illness or injury is actionable under Section 1983.  *See Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976).  A prison official violates the Eighth Amendment when the deprivation was "sufficiently serious" and resulted from "deliberate indifference" to an inmate's health or safety.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  However, a delay in medical care violates the Eighth Amendment only if the passage of time had resulted in substantial harm.  *See Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001).  "[T]he substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain."  *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001) (citations omitted).  Thus, "[p]ostponing surgery for an extended period, even until the prisoner's release from prison, does not provide a cause of action for deliberate indifference to serious medical needs if the delay would not cause further damage."  *Martin v. Tulsa County Board of Commissioners*, 99 F.3d 1150, 1996 WL 603270, Westlaw op. at 1 (10th Cir. Oct. 22, 1996) (unpublished op.) (citation omitted).

The Plaintiff's version of events would not create liability because of the absence of substantial harm from delay in the surgery.  In the fourth amended complaint, Mr. Merritt

---

[3]    During the relevant time-period, Mr. Merritt was imprisoned both before his trial and after an adjudication of guilt.  *See* Defendants' Motion for Summary Judgment, Exh. 1.  As a pretrial detainee, Mr. Merritt's claims would be governed by the Fourteenth Amendment's Due Process Clause.  *See Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998).  But the scope of the constitutional protection would have been the same under either the Eighth Amendment or the Fourteenth Amendment's Due Process Clause.  *See id.*

does not allege permanent damage or substantial pain.  *See* Fourth Amended Complaint at pp. 10-13.  And, the Plaintiff does not respond to the Defendants' argument for summary judgment on this issue.  *See* Plaintiff's Response, *passim*.  Finally, Mr. Merritt admits that no physician has ever opined that enlargement of the scrotum would cause permanent or lasting damage.  Deposition of Edward Anthony Urbanski at p. 621 (Feb. 7, 2008).

A virtually identical issue appeared in *Tyler v. Sullivan*, 83 F.3d 433, 1996 WL 195295 (10th Cir. Apr. 22, 1996) (unpublished op.).  There a pretrial detainee was diagnosed with a testicular cyst.  *See Tyler v. Sullivan*, 83 F.3d 433, 1996 WL 195295, Westlaw op. at 2.  A contract physician examined the detainee and stated that he could undergo surgery for removal of the cyst after his release.  *See id*.  The detainee sued under Section 1983, claiming deliberate indifference to medical needs based on the delay in surgery.  *See id*., Westlaw op. at 1-2.  The Tenth Circuit Court of Appeals upheld summary judgment for the defendants, concluding that the detainee had "not shown that the delay in surgical treatment of the cyst resulted in any substantial harm."  *Id*., Westlaw op. at 2 (citation omitted); *accord Flannery v. Yung*, 912 F.2d 468, 1990 WL 124497 (9th Cir. Aug. 24, 1990) (unpublished op.).[4]

---

[4]     In *Flannery v. Yung*, a prisoner sued under Section 1983, claiming deliberate indifference based on a four-month delay in surgery to treat a hydrocele on the testicle.  *See Flannery v. Yung*, 912 F.2d 468, 1990 WL 124497, Westlaw op. at 1.  The Ninth Circuit Court of Appeals upheld a directed verdict for the prison physician based on the absence of evidence involving physical injury or unnecessary pain during the four-month delay.  *Id*., Westlaw op. at 2.

*Tyler v. Sullivan* is persuasive in light of the virtually identical facts. *See* Tenth Cir. R. 32.1(a); *see also United States v. Garfinkle*, 261 F.3d 1030, 1032 n.6 (10th Cir. 2001) (relying on an unpublished decision because the "relevant facts" were "closely similar"). The absence of substantial harm from the delay in testicular surgery is fatal to the Eighth Amendment claim, just as it was in *Tyler v. Sullivan*.[5] Consequently, Defendants Holcomb and CHMO are entitled to summary judgment.

## NOTICE OF THE RIGHT TO OBJECT

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by September 19, 2008. *See* W.D. Okla. Local Civil Rule 72.1. The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

## STATUS OF THE REFERRAL

The referral is not terminated.

Entered this 28th day of August, 2008.

Robert E. Bacharach
United States Magistrate Judge

---

[5]     *See White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996) (holding that the defendants were entitled to summary judgment based on the uncontroverted fact "that a one- or two-year delay in . . . surgery, until plaintiff's release from prison, would not cause further damage to plaintiff's leg" (citation omitted)).