IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

**FILED**

KEVIN J. MERRITT a/k/a EDWARD A.  )
URBANSKI, JR.,                    )
                                  )
              Plaintiff,          )
                                  )
vs.                               )
                                  )
RYAN STARK, individually, et al., )
                                  )
              Defendants.         )

OCT 1 4 2008

ROBERT D. DENNiS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _W. H_____ DEPUTY

No. CIV-06-1427-W

## ORDER

On August 28, 2008, United States Magistrate Judge Robert E. Bacharach issued a Report and Recommendation in this matter and recommended that the Motion for Summary Judgment filed by defendants Correctional Healthcare Management of Oklahoma, Inc. ("CHMO"), and W.R. Holcomb be granted. The parties were advised of their right to object, and the matter now comes before the Court on the Objection to Magistrate Judge's Report and Recommendation filed by plaintiff Kevin J. Merritt a/k/a Edward A. Urbanski, Jr.

Merritt brought suit against these two defendants under title 42, section 1983 of the United States Code, and he alleged an unconstitutional delay in medical treatment under the eighth amendment to the United States Constitution. Upon review, the Court concurs with Magistrate Judge Bacharach's suggested disposition of the defendants' Motion for Summary Judgment and his recommendation that CHMO, which provides medical care to inmates at Oklahoma County Detention Center, and Dr. Wellcomb, who was employed by CHMO as the medical director of that facility, are entitled to judgment as a matter of law.

Prison officials violate an inmate's eighth amendment rights to be free from cruel and unusual punishment and "the unnecessary and wanton infliction of pain," Gregg v. Georgia, 428 U.S. 153, 173 (1976)(citations omitted), when they "are deliberately indifferent to [that] . . . inmate's serious medical needs . . . ." Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996) (citation omitted). The test for a "deliberate indifferent" claim, which may be "manifested by prison doctors in their response to the prisoner's needs," Estelle v. Gamble, 429 U.S. 97, 104 (1976)(footnote omitted), "involves both an objective and a subjective component. The objective component is met if the deprivation is 'sufficiently serious.'" Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000)(quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). "The subjective component is met if a prison official 'knows of and disregards an excessive risk to inmate health or safety.'" Id. (quoting Farmer, 511 U.S. at 837).

When, as here, the inmate's eighth amendment claim is grounded on an alleged delay in medical care, the prisoner to satisfy the objective component must "'show that the delay resulted in substantial harm.'" Oxendine v. Kaplan, 241 F.3d 1272, 1276 (10th Cir. 2001)(quoting Sealock, 218 F.3d at 1210). "The substantial harm requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'" Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005)(quoting Garrett v. Stratman, 254 F.3d 946, 950 (10th Cir. 2001)).

Magistrate Judge Bacharach found inter alia that Merritt's version of the events did not create liability on the part of CHMO or Dr. Wellcomb because there were no allegations that the delay in this case caused permanent damage or substantial pain. He further found that Merritt had not responded to the defendants' arguments regarding this issue.

2

In his Objection, Merritt has responded that he adequately addressed the issues raised by the defendants and that the defendants neither disputed that he claimed to have suffered pain as a result of the delay, nor established that there was no material factual dispute with regard to this issue.  The Court disagrees.

First, the Court finds that CHMO and Dr. Wellcomb sufficiently raised the issue of substantial harm.  See Motion for Summary Judgment at 8 ("Although plaintiff claims he sustained injury and experienced pain as a result of not receiving surgery when he wanted it, plaintiff has provided no medical evidence in support of this contention.  In fact, plaintiff has not been informed by any physician that he was damaged in any way by not receiving surgery prior to when he actually did receive the same."); id. at 9 ("Thus, even if Defendants had delayed in treating plaintiff's medical condition, plaintiff would still be unable to make out a claim for violation of Section 1983 because he has no evidence that he suffered any substantial harm as a result.").

Second, Merritt has presented no evidence to support a finding that there is a genuine conflict that the delay in this case resulted in a lifelong handicap or permanent loss.[1]  Morever, in identifying additional disputed issues in his response to the defendants' Motion for Summary Judgment, Merritt only remarked upon the size of his right testicle and the fact that it was swollen, e.g., Response and Objection at 3, ¶ 2; e.g., id. at 4, ¶ 4; id.

---

[1]See Deposition of Kevin J. Merritt a/k/a Edward Anthony Urbanski, Jr. (February 7, 2008) (hereafter "Merritt Deposition I") at p. 621, lines 6-9:

"Q. Has any physician ever told you that the enlargement of that scrotum caused you any permanent or lasting damage?

A. Not that I'm aware of.  Not yet."

at 5, ¶ 10, and on the fact that his gonads were "disfigured." Id. at 5, ¶10.  Merritt provided

no evidence of severe or extreme pain other than to contend that it was "obvious that even

a lay person would easily recognize that [his disfigured testicle] . . . required medical

treatment beyond Advil and jock straps in order to repair."  Response at 5.  Merritt has not

referred to any medical records or notes that would document his complaints of pain or

cited to any deposition testimony that would evidence the requisite level of pain to support

his claim under the eighth amendment.  See Deposition of Kevin J. Merritt a/k/a Edward

Anthony Urbanski, Jr. (March 12, 2008) at p. 635, lines 24-25 ("Q.  You wanted that

surgery?  A.  Yeah, because it was getting worse."); see also Merritt Deposition I at p. 621,

lines 4-5 ("The scrotum was enlarging with additional pain.").

Under Rule 56(c), F.R.Civ.P., the Court must determine whether "there is no

genuine issue as to any material fact and . . . [whether these defendants are] entitled to

judgment as a matter of law."  The Court does not evaluate the credibility of the witnesses,

e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), or "weigh the evidence and

determine the truth of the matter . . . ."  Id. at 249.  Rather, the Court's task at this stage

of the litigation is to decide "whether there is a genuine issue for trial . . . [and] there is no

[triable] issue . . . unless there is sufficient evidence favoring the nonmoving party for a jury

to return a verdict for that party.  If the evidence is merely colorable, or is not significantly

probative, summary judgment may be granted."  Id. at 249-50 (citations omitted).  The

Court's inquiry must be whether the evidence, when viewed "through the prism of the

substantive evidentiary burden," id. at 254, "presents a sufficient disagreement to require

submission to a jury or whether it is so one-sided that one party must prevail as a matter

of law."  Id. at 251-52.

Because Merritt has failed to satisfy the objective component of his eighth amendment deliberate indifference claim, the Court finds that CHMO and Dr. Wellcomb are entitled to judgment as a matter of law.  Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 291] issued on August 28, 2008; and

(2) GRANTS the Motion for Summary Judgment [275] filed by CHMO and Dr. Wellcomb on June 17, 2008.

ENTERED this _14th_ day of October, 2008.


LEE R. WEST
UNITED STATES DISTRICT JUDGE